Jamal Koge MIDDLETON, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–75239.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 24, 2008.*

Filed Nov. 26, 2008.

Theodore A. Mahr, Esq., Moses Lake, WA, for Petitioner.

Jamal Koge Middleton, Tacoma, WA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, John R. Cunningham, Esq., Shelley R. Goad, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Jamal Koge Middleton, native and citizen of Belize, petitions for review of the

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Board of Immigration Appeals' ("BIA") order affirming an immigration judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence and will uphold the agency's decision unless the evidence compels a contrary conclusion. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006). We deny the petition for review.

 Substantial evidence supports the IJ's conclusion that Middleton failed to demonstrate a well-founded fear of future persecution, where he does not point to any credible, direct, or specific evidence in the record that would support a reasonable fear of persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir. 2005).

Because Middleton did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence supports the IJ's denial of Middleton's CAT claim because he failed to demonstrate that it is more likely than not that he will be tortured if he returned to Belize. *See Himri v. Ashcroft*, 378 F.3d 932, 938 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED.**